# Richmond.

## POSTAL TELEGRAPH CABLE COMPANY v. CITY OF RICHMOND. .

### JANUARY 17, 1901.

1. TELEGRAPH COMPANIES—*License Tax—Interstate Commerce—Constitutional Law.*—Telegraph companies are instruments of commerce, and their business is commerce itself. When they have accepted the provisions of the Acts of Congress (section 5268, Revised Statutes) they become instruments of interstate commerce, and no State or municipal corporation can assess upon them a general license tax, though the property of such companies may be taxed as all other property is taxed.,

2. TELEGRAPH COMPANIES—*City License Tax—How Assessed—How Payment Enforced.*—A city may impose a license fee upon every telegraph company, or agency, doing business in the city, for business done exclusively in the city, not including business done to and from points without the State, or business done for the government, its officers or agents, but, if engaged in interstate commerce, the license tax cannot be in excess of what would be the tax on its property within the city limits under the ordinary modes of taxation, and the payment of such license tax cannot be made a prerequisite to the right of the company to transact business.

Error to a judgment of the Hustings Court of the city of Richmond, rendered December 18, 1899, on an appeal from a judgment of the Police Justice of said city by whom the plaintiff in error was fined for doing business in said city without having first obtained a license therefor.

*Reversed.*

The opinion states the case.

*J. R. McIntosh,* for the plaintiff in error.

*Henry R. Pollard,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

This is a writ of error to a judgment of the Hustings Court of the city of Richmond imposing a fine of $270 upon the Postal Telegraph Cable Company for prosecuting its business as a telegraph company in the city of Richmond without first having paid a specific license tax of $20 assessed against it in accordance with an ordinance of the said city.

Upon the trial of the cause in the Hustings Court the facts were agreed as follows:

" 1. That the defendant, Postal Telegraph Cable Company, is a corporation incorporated under the laws of the State of New York, and prior to the assessment of the license taxes, for the non-payment of which it is being prosecuted by the city of Richmond, by these proceedings, it had duly accepted of the provisions of the act of Congress approved July 24, 1866, entitled "An act to aid in the construction of telegraph lines, and to secure to the government the use of the same for military purposes," as required by section 5268 of the Revised Statutes of the United States.

" 2. That the defendant company, under and by virtue of an act approved March 6, 1890, as amended by the act of March 3, 1898 (Acts 1897-'8, p. 752), was required, on or before the first day of June of each year, to make report, verified by oath, to the Auditor of Public Accounts, of all real and personal property owned by said company, as of the first of February, showing what part of said property is located in each county or corporation, and classifying the same, etc.

" That such report was duly made to the Auditor of Public Accounts for the year 1898, showing the aggregate value of the defendant's property in the State of Virginia to be $49,334.49, and the aggregate value of its property located in the city of

Richmond to be $2,708.45, and on this report, so required to be made, an *ad valorem* tax of forty cents on every hundred dollars' worth of property owned by said company in the State was assessed for State taxes, and by the said company paid. The defendant company was also assessed with a privilege tax to the State of one thousand dollars, and an additional charge of one *per centum* of the gross earnings the company received, or due, though not received, from their business in this State during the year preceding; provided that the gross receipts of such company were less than one thousand dollars, but which said privilege tax the defendant company has never paid; and each county and municipality in the State in which such company has property may impose an *ad valorem* tax upon the assessed value of the same as assessed by the State; and that the city of Richmond, by virtue of section 10 of chapter 88 of the City Code (1899), imposes a fee of two dollars upon each telegraph pole as rental for each pole owned by the defendant, located in any of the parks, streets, lanes, or alleys of the city of Richmond, and also a license tax of two hundred dollars *per annum,* for the non-payment of which license tax this prosecution is maintained, which the ordinance required to be paid before the defendant can do business in the city of Richmond, which license tax of two hundred dollars is intended to be in lieu of a property tax upon the property of the defendant company, located in the city of Richmond, which property tax the city might have assessed on the property of the defendant company, so located in the city of Richmond, but which said property tax the city has never assessed on the property of the defendant company, so located in the city of Richmond.

" 3. That the wires of the defendant telegraph company in the State of Virginia connect with other wires in other States, and telegraph messages are transmitted thereon into and through every State, and all of the principal towns and cities therein;

also connect with cables under and across the Atlantic ocean, and that said company is engaged in interstate commerce.

"4. That the gross receipts of the defendant telegraph company, for all business done within the city of Richmond, as well interstate as extrastate, are at least five thousand dollars *per annum*, less than the amount paid out *per annum* to its employees in said city, and for the maintenance of its lines.

"5. That the population of the city of Richmond, according to the census of 1890, was 81,388.

"6. The charter of the city of Richmond and the ordinances thereof may be read in evidence on the trial of the case, or in any court to which the case may be appealed, as if the same were here set out in full."

In addition to the agreed facts, it was shown by the testimony of witnesses that the Postal Telegraph Company was so classified under the provisions of the city ordinances as to require the payment by it of a license tax of $200; that the value of its property within the limits of the city was about $2,708.00; and that an *ad valorem* tax upon that sum under the city's ordinances would be somewhat less than $40.00 per year; that the *ad valorem* tax for 1898 was tendered to the Collector of Revenue, who refused to receive it, saying that there was no assessment of such a tax against the company.

This being all the evidence, the following instruction was asked by the city, and given to the jury by the court:

"If the jury believe from the evidence that the Postal Telegraph Cable Company had a place of business in the city of Richmond at the time of the assessment of the tax against it for the year 1898, and that the Committee on Finance classified and assessed it for said year, 1898, with a tax of $200; and that said tax was in lieu of taxes which might have been levied directly upon its property located in the city of Richmond, and if they further believe that said company prosecuted its business after

the 1st day of May of that year to the end of the fiscal year, without having paid said tax, then they should find the said company guilty, and assess a fine against it of not less than $1.00 nor more than $5.00 for each day's default thereafter from the 1st day of May, 1898, to the 1st day of February, 1899."

The following instructions were asked by the Postal Telegraph Company, and refused by the court:

" The court instructs the jury that the prosecution of this case is against the defendant by the city of Richmond for the failure to pay a privilege tax imposed by said city, and that the defendant is a foreign corporation engaged in interstate commerce, and in transmitting messages for the government of the United States, with the right to exercise its franchise within the State of Virginia, and that such tax is unconstitutional and void, unless the jury believe from the evidence that the license tax so imposed is in lieu of all other taxes imposed by the city of Richmond upon the said defendant, and not more than the sum which the defendant company would have had to pay if its property had been subjected to the ordinary *ad valorem* property tax provided for in the statutes of one dollar and forty cents on the $100.

" If the jury believe from the written agreement of counsel for the city of Richmond and the defendant company filed in this cause, that the privilege tax imposed by the said city upon the defendant had to be paid before the company could do business in the State, then they will find for the defendant."

In its petition, there are several errors assigned, but we need only consider those which relate to the instructions given and refused by the Hustings Court.

It is settled law that "the telegraph is an instrument of commerce, and telegraph companies are subject to the regulating

power of Congress in respect to their foreign and interstate business. A telegraph company occupies the same relation to commerce as a carrier of messages, that a railroad company does as a carrier of goods. Both companies are instruments of commerce, and their business is commerce itself. They do their transportation in different ways, and their liabilities are in some respects different, but they are both indispensable to those engaged to any considerable extent in commercial pursuits." *Western Union Tel. Co.* v. *State of Texas*, 105 U. S. 460; *Pensacola Tel. Co.* v. *W. U. Tel. Co.*, 96 U. S. 1.

"A general license tax on a telegraph company affects its entire business, interstate as well as domestic or internal, and is unconstitutional." While the property of a telegraph company, situated within a State, may be taxed by the State as all other property is taxed, yet its business of an interstate character cannot be thus taxed. *Leloup* v. *City of Mobile*, 127 U. S. 640.

A city may impose a license fee upon every telegraph company, or agency, doing business in the city, for business done exclusively in the city, not including business done to and from points without the State, or business done for the government, its officers or agents. *Postal Tel. Co.* v. *Charleston*, 153 U. S. 692.

It appears from the facts agreed that the plaintiff in error has accepted the conditions imposed upon it, and is entitled to all the privileges conferred by the act of Congress of 1866 (section 5268 of the Revised Statutes of the United States); that it is doing in the city of Richmond a business which consists in part at least of sending and receiving messages to and from points beyond the limits of the State, and the cases cited decide that the ordinances of a city which impose a license tax upon a telegraph company so engaged is unconstitutional. The instruction asked for by the city and given by the court seeks to obviate the difficulty by stating to the jury that if the license tax assessed against the telegraph company "was in lieu of taxes which might

have been levied directly upon its property located in the city of Richmond, and if they further believe that said company prosecuted its business after the first day of May of that year to the end of the fiscal year, without having paid said tax, then they should find the company guilty."

The instruction asked for by the plaintiff in error upon that feature of the case tells the jury that a license tax " is unconstitutional and void, unless they believe from the evidence that the license tax so imposed is in lieu of all other taxes imposed by the city of Richmond upon the said defendant, and not more than the sum which the defendant company would have had to pay if its property had been subjected to the ordinary *ad valorem* property tax provided for in the statutes of one dollar and forty cents on the $100.00."

The position taken in the instruction asked for by the city, would, if sound, render of no effect the principle enunciated in the decisions just cited, for if the vice in the law which imposes a license may be cured by the recital that it is in lieu of all other taxes without regard to the proportion which the amount levied as a license bears to that which would be paid as an *ad valorem* tax upon property, it is obvious that all limitation upon the power of the city is destroyed, and the whole subject is left at large to its discretion. The rule is that a city cannot levy a license tax upon interstate commerce, or upon any of the agencies necessary to the transaction of interstate commerce. The exception is, and a most reasonable one, that a license may be levied upon an agency of interstate commerce, as for example, a telegraph company, provided always the license tax be not in excess of that to which the property of the telegraph company within the jurisdiction of the city would be subject under the ordinary modes of taxation. This clearly appears in the case of *Postal Tel. Co.* v. *Adams*, 155 U. S., at page 688, where the Chief Justice, speaking for the Supreme Court, says: " It is settled that where by way of duties laid on the transportation of

the subjects of interstate commerce, or on the receipts derived therefrom, or on the occupation or business of carrying it on, a tax is levied by a State on interstate commerce, such taxation amounts to a regulation of such commerce, and cannot be sustained. But property in a State belonging to a corporation, whether foreign or domestic, engaged in foreign or interstate commerce, may be taxed, or a tax imposed on the corporation on account of its property within a State, and may take the form of a tax for the privilege of exercising its franchises within the State, if the ascertainment of the amount is made dependent in fact on the value of its property situated within the State (the exaction, therefore, not being susceptible of exceeding the sum which might be leviable directly thereon), and if payment be not made a condition precedent, to the right to carry on the business, but its enforcement left to the ordinary means devised for the collection of taxes. The corporation is thus made to bear its proper proportion of the burdens of the government under whose protection it conducts its operations, while interstate commerce is not in itself subjected to restraint or impediment."

In the case just cited, it plainly appears that the sum exacted in the form of a license tax was less in amount than an ordinary tax upon the property of the telegraph company would have been, and it was for that reason sustained. In the case before us, the license tax imposed is $200.00 per year; while a tax levied *ad valorem* would, by the uncontradicted evidence, amount to less than $40.00 per year. It cannot be said that the license tax amounts "to no more than the ordinary tax upon the property, or a just equivalent therefor." The payment of this license tax was made a condition precedent to the right to transact business, and in this respect also the ordinance under consideration is invalid upon the authority of the case as cited.

The defendant in error relies upon *Western Union Tel. Co. v. City of Richmond,* 26 Gratt. 1. It was decided in 1875, and

is in conflict with the more recent decisions of the Supreme Court, which are binding authorities upon us in all causes arising under the Constitution and laws of the United States.

We are of opinion that the judgment of the Hustings Court should be reversed.

*Reversed.*