# Wytheville.

## WESTERN UNION TELEGRAPH CO. V. CHILES.

∘

### June 13, 1907.

1. APPEAL AND ERROR.—*Constitutional Question as Ground of Jurisdiction.*—Where the trial court has held an act of assembly to be constitutional, and the only ground of appeal to this court is the unconstitutionality of the act, if this court finds the act to be constitutional, that is the only question it can consider under the express mandate of the Constitution.

2. TELEGRAPH COMPANIES—*Failure to Deliver Message—Penalties—Constitutional Law.*—If a telegraph company fails to deliver promptly a telegram sent from one point to another within this State, it is liable to the penalty imposed by section 1294h of the Code (1904), although the receiving point be a navy yard, under the exclusive legislative jurisdiction of the Federal Government. All subjects of legislation not prohibited by the Federal and State Constitutions are within the discretion of the General Assembly, and this subject is not so prohibited.

Error to the judgment of the Hustings Court of the city of Portsmouth in an action of debt. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Hughes & Little,* for the plaintiff in error.

*W. D. Stoakley,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the Court.

This proceeding was instituted by Samuel Chiles against the

Western Union Telegraph Company to recover the penalty of one hundred dollars imposed by clause 6, section 1294h. of the Code of 1904, for failure to deliver a telegraphic message sent by W. F. Hamburger from the city of Richmond, addressed to "Gunner Samuel Chiles, U. S. S. Albarenda, Navy Yard, Norfolk, Va." There was a verdict and judgment in favor of the plaintiff, and to that judgment this writ of error was awarded.

As the jurisdiction of this court to review the judgment complained of depends solely upon the unconstitutionality of the clause of the section under which the penalty was imposed, the first question to be considered is whether or not that clause is constitutional, and if it be found to be constitutional it is the only question that we can consider. Const. sec. 88; *Postal Tel. Co.* v. *Umstadter,* 103 Va., 742, 748-9, 50 S. E. 259.

The ground upon which it is claimed that the Act is unconstitutional is that the United States has exclusive legislative jurisdiction over the territory embraced within the limits of the Norfolk Navy Yard, formerly the Gosport Navy Yard, acquired by purchase under the provisions of Acts of Assembly passed January 25, 1800, and February 27, 1833. (Acts 1800, p. 246, and Acts 1832-3, p. 25).

If it be conceded that the United States has this exclusive legislative jurisdiction over the Norfolk Navy Yard, as claimed by the counsel of the Telegraph Company, what provision in either the Federal or State Constitution expressly or impliedly inhibits the General Assembly from imposing the penalty in question?

It was conceded in oral argument (and if it had not been we think it is clear) that the statute is not in conflict with the commerce clause of the Federal Constitution. Article I, Sec. 8, cl. 3. The statute, as applied to the facts of this case, does not in any way attempt to regulate commerce with a foreign nation, among the States, nor among the Indian tribes.

We have been cited to no provision in either Federal or

State Constitution, nor have we found any, which prohibits the legislation in question. The Telegraph Company was doing business in the State. The contract to deliver was made in the State. The fact that the message was to be delivered at a point over which the State had no legislative jurisdiction would not render the Act unconstitutional unless forbidden (which, as we have seen, it was not) by the Federal or State Constitution, for it is well settled that all subjects of legislation not prohibited by the Federal or State Constitutions are within the discretion of the General Assembly. *Com'th* v. *Drewry,* 15 Gratt. 1, 5; 8 Cyc. 774-5.

The imposition of a penalty upon a telegraph company for failure to deliver a message at any point within the territorial limits of the State does not seem to us to be unjust or unwise legislation, but if it were, the remedy is with the General Assembly and not with the courts.

The judgment complained of must be affirmed.

*Affirmed.*